IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE NUNEZ, et al.,

        Plaintiffs,                    No. CIV S-10-1276 GEB GGH PS

    vs.

US BANK,                         FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

        Plaintiffs are proceeding in this action pro se.  Presently before the court is defendant U.S. Bank's motion to dismiss, filed May 27, 2010.[1]  Plaintiffs did not file an opposition.[2]  After reviewing the moving papers, the court now issues the following findings and recommendations.

BACKGROUND

        Defendant U.S. Bank National Association, Successor in Interest to Federal

---

[1] This matter was scheduled for hearing on July 29, 2010, but was taken under submission without a hearing after plaintiffs failed to file an opposition, and it was determined that oral argument was unnecessary.

[2] On July 26, 2010, days after the undersigned took the motion under submission, a substitution of counsel was filed on behalf of plaintiffs.  Counsel will be permitted to advocate on plaintiffs' behalf in their objections to these findings and recommendations.

1

Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A., removed this action to federal court on May 24, 2010.  The complaint, filed April 19, 2010 in superior court by Jose and Cesar Nunez, claim that defendant negligently failed to perform a loan modification on plaintiffs' property, and after plaintiffs made payments, defendant escalated the payments to an "outrageous amount."  (Compl., ¶ 12.)  Plaintiffs also allege that defendant wrongfully attempted to sell their property.  (Id., ¶ 7.)  The complaint alleges a violation of the Truth in Lending Act ("TILA"), negligence, and unfair business practices (Cal. Bus. & Prof. Code § 17200).  The complaint seeks injunctive and declaratory relief, as well as damages.

DISCUSSION

    I. Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

II. Analysis

Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6), and to properly plead under Rule 8. In particular, defendant claims that plaintiffs cannot challenge the foreclosure of their property because they have not tendered the undisputed obligation on their loan, that the TILA claim is time barred and deficiently pled, and that plaintiff's state law claims either fail to state a claim or are deficiently pled.

A. TILA

Defendant correctly argues that plaintiffs are barred by the statute of limitations which requires that an action be brought within one year for damages claims, and three years for rescission claims.

TILA violations include the failure to provide the required disclosures pursuant to

15 U.S.C. § 1631 and the failure to clearly and conspicuously disclose information relating to the "annual percentage rate" and the "finance charge" pursuant to 15 U.S.C. § 1632. To recover damages arising from alleged TILA violations, a plaintiff must file an action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

The loan transaction at issue was executed on January 3, 2006. (Compl. ¶¶ 6, 9; RJN, Ex. A.)[3] The statute of limitations therefore expired on January 3, 2007. Plaintiffs filed the instant action on April 19, 2010. Therefore, their claim for damages under TILA is time barred.

Any claim for rescission is also time barred. Section 1635(b) provides for the return of money or property upon rescission.[4] Where the required forms and disclosures have not been delivered to the obligor, 15 U.S.C. § 1635(f) provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."

Providing notice of rescission within the three year period is irrelevant to whether plaintiff timely files a claim seeking rescission. Falcocchia v. Saxon Morg., Inc., No. Civ. S-09-2700 LKK GGH, 2010 WL 582059, *6 (E.D. Cal. Feb.12, 2010). Plaintiff must file a complaint seeking rescission before the statute of limitation expires. The three year period for filing TILA rescission claims is an absolute statute of repose that cannot be tolled. Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir. 2002).

Setting aside the issue of whether the required forms and disclosures were made

---

[3] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[4] 15 U.S.C. § 1635(b) provides in pertinent part:

> When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. . . .

to plaintiff, the transaction was consummated on or about January 3, 2006. (Compl. ¶¶ 6, 9; RJN Ex. A.) Plaintiffs filed this action on April 19, 2010. Therefore they are barred from seeking rescission.

Furthermore, the Ninth Circuit has held that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender." Yamamoto v. Bank of N.Y., 329 F. 3d 1167, 1170 (9th Cir. 2003) (emphasis in original). District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds. See, e.g., Garza v. Am. Home Mortgage, 2009 WL 188604 at *5 (E.D. Cal. 2009) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received"); Ibarra v. Plaza Home Mortgage, 2009 WL 2901637 at *8 (S.D. Cal. 2009); Ing Bank v. Korn, 2009 WL 1455488 at *1 (W.D. Wash. 2009). In this case, plaintiffs have failed to allege any facts relating to their ability to tender the loan proceeds, or that they in fact ever tendered the loan proceeds.

Accordingly, the court finds that plaintiffs' claim under the Truth in Lending Act is barred by the statute of limitations.

B. State Law Claims

As there are no federal claims remaining, this court declines to exercise supplemental jurisdiction over plaintiff's possible state law claims. See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims' "), quoting Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988).

\\\\\
\\\\\

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss, filed May 27, 2010, (dkt. # 10), be granted with prejudice, and that the court decline to exercise jurisdiction over plaintiffs' state law claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   08/26/10

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Nunez1276.mtd.wpd