IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JOSE NUNEZ and CESAR J. NUNEZ,    )
                                  )   2:10-cv-01276-GEB-GGH
          Plaintiffs,             )
                                  )
     v.                           )   ORDER
                                  )
U.S. BANK NATIONAL ASSOCIATION    )
and Does 1-20, Inclusive,         )
                                  )
          Defendants.             )
_____  )
```

This case was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On August 26, 2010, the magistrate judge filed Findings and Recommendations to which Plaintiffs object by seeking leave to amend a pled state claim under California Business and Professions Code Section 17200 ("Section 17200"). This objection does not concern the magistrate judge's recommended rulings. Further, subsequent to filing this objection, Plaintiffs filed a motion for leave to file an amended complaint on November 22, 2010. (Docket No. 19.) Plaintiff's state their motion for leave to file an amended complaint that their proposed amended complaint would amend their Section 17200 claim, add a state intentional infliction of emotional distress claim, and a federal declaratory relief claim.  However, Plaintiffs failed to include a copy of the proposed amended complaint as an exhibit to their motion for leave to amend as

1

1  required by Local Rule 137(c). Therefore, Plaintiffs' November 22, 2010
2  motion for leave to amend is stricken.
3      The magistrate judge recommends granting with prejudice the
4  portion of Defendant's motion to dismiss that seeks dismissal of
5  Plaintiffs' two federal claims, which are the basis of federal question
6  jurisdiction. This case was removed from state court based on federal
7  question jurisdiction, premised on damages and rescission claims alleged
8  under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"). The
9  magistrate judge also recommends dismissing Plaintiffs' state claims
10 under 28 U.S.C. § 1367(c). However, since this case was removed from
11 state court, the state claims would be remanded rather than dismissed.
12     Plaintiffs' objection to the magistrate judge's Findings and
13 Recommendations does not respond to, or oppose, the portion of the
14 magistrate judge's recommendation in which each pled TILA claim is found
15 barred by the applicable statute of limitations. Plaintiffs instead
16 argue they should be granted leave to amend so they could add to their
17 Section 17200 claim another basis for recovery. Specifically, Plaintiffs
18 argue they should be granted leave to add new TILA sections to their
19 Section 17200 claim which permit recovery of damages that "can be
20 recouped and be used as a set-off against and in defense to any attempt
21 to foreclose on Plaintiffs' residence," if "the loan was originated
22 without regard to Plaintiffs' ability to repay the debt." (Pls.'
23 Objections to the Findings and Recommendations of the Magistrate Judge
24 4:13-19.)
25     Plaintiffs amendment arguments are untimely because they may
26 not be raised for the first time in an objection to the magistrate
27 judge's Findings and Recommendations. See Greenhow v. Sec'y of Health &
28 Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988) (*overruled on other*

2

*grounds*, United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992) (stating a district court "was well within its discretion" in refusing to consider an issue raised for the first time in an objection to a magistrate judge's Findings and Recommendations.) However, even if Plaintiffs' Section 17200 amendment arguments should be considered, these arguments do not contain factual allegations indicating Plaintiffs could allege facts showing their present TILA claims for damages and rescission are not barred by the applicable statute of limitations.

The magistrate judge's Findings and Recommendations are adopted on the statute of limitations issues concerning Plaintiffs' pled TILA rescission and damages claims, and on the retention of supplemental jurisdiction issue over Plaintiffs' state claims.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' pled TILA claims for damages and rescission are dismissed with prejudice;
2. Plaintiffs' remaining state claims are remanded to the San Joaquin County Superior Court in California; and
3. the federal Clerk of Court shall enter judgment in favor of Defendant on Plaintiffs' TILA rescission and damages claims.

Dated: December 13, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

3